F!! ED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

02 SEP 26 PM 2:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **CHARISSE WHITAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | **01-C-3272-W** |
| **CITY OF TUSCALOOSA, AL**, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED

SEP 2 6 2002

**MEMORANDUM OF OPINION
ON MOTIONS TO DISMISS**

Before this Court are the following Motions to Dismiss: (1) Motion to Dismiss by Civil

Service Board of Tuscaloosa, (2) Motion to Dismiss by Defendants Gibson, Deloach, and

Turner, sued in their official capacity as members of the Civil Service Board, and (3) Motion to

Dismiss by Defendants Swindle and Pearson, sued individually and in their official capacity as

police officers of the City of Tuscaloosa. Based on the undisputed facts, the Motions to Dismiss

by the Civil Service Board and Defendants Gibson, Deloach, and Turner are GRANTED, and the

Motion to Dismiss by Defendants Swindle and Pearson is GRANTED in part and DENIED in

part, for the reasons stated herein.

**I. FACTS**

1. In May of 2001, Plaintiff Whitaker was notified in a letter from the Civil Service Board that

she was offered employment as a police officer with the City of Tuscaloosa Police Department.

She accepted the offer and began work on May 21, 2001. Plaintiff was part of a new recruit

class that included three black women, five black males, and three white males.

1

2.  On May 29, the recruits began firearms training.  Defendant Joe Pearson conducted the firearms training.  Plaintiff maintains that Pearson used humiliating and demeaning language toward her, such as telling her that "if you can't handle this job, you can go back to flipping burgers."

3.  After five days of firearms training, Plaintiff and another black female recruit were asked to resign or be terminated.  Plaintiff refused to resign and was fired.  None of the other male or white recruits were fired.

4.  Plaintiff maintains that she was qualified, capable and willing to be employed as a police officer.  She believes that she was deliberately and systematically discriminated against on the basis or race and gender.

5.  After filing the requisite EEOC charge, Plaintiff brought this suit, alleging violations of Title VII, 42 U.S.C. §1981, and 42 U.S.C. §1983.[1]  She brings each of these claims against Defendants J. Russell Gibson, Bill DeLoach, and Ron Turner, in their official capacity as members of the Civil Service Board of the City of Tuscaloosa, Ken Swindle and Joe Pearson, in their individual and official capacity as Chief of Police and police officer for the City of Tuscaloosa, respectively, and against the City of Tuscaloosa, Alabama.

## II. APPLICABLE LAW

For purposes of a motion to dismiss, all the allegations in a Complaint are construed in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  All

---

[1]Plaintiff's §1981 discrimination claims are to be merged into a single cause of action under §1983.  "Where defendants to a suit are state actors §1981 claims merge into §1983 claims...and [are] treated as a single claim." Godby v. Montgomery Co. Bd. of Educ., 996 F. Supp. 1390, 1411 (M.D. Ala. 1998), see also Jett v. Dallas Independent School Dist., 491 U.S. 701, 735 (1989).

facts alleged by Plaintiff are taken as true. Id. A court cannot dismiss for failure to state a claim

unless "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle

him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue on a motion to dismiss is

not whether the plaintiff will ultimately prevail; instead the determinative issue is whether the

claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232,

236 (1994).

## III. ANALYSIS

A. Civil Service Board's Motion to Dismiss & Gibson, Deloach, and Turner's Motion to Dismiss

Defendants Gibson, Deloach, and Turner (hereinafter, "the Board Members") are sued

only in their official capacity as members of the Civil Service Board of Tuscaloosa. The Civil

Service Board itself, however, is not a named defendant in this case. Suing officers in their

official capacity "is simply 'another way of pleading an action against [the] entity of which an

officer is an agent.'" Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoting

Kentucky v. Graham, 473 U.S. at 165.) Therefore, Plaintiff's suit against the Board Members in

their official capacity is the functional equivalent of maintaining a suit against the Civil Service

Board. Id. As a result, the Court will address the Board's Motion to Dismiss and the Board

Members' Motion to Dismiss as one and the same.

Plaintiff's Title VII claims against the Board Members are due to be dismissed because

Plaintiff did not have an employment relationship with the Civil Service Board of Tuscaloosa.

In her complaint, Plaintiff states that her employment was with the City of Tuscaloosa as a police

officer. Moreover, the Civil Service Board does not qualify as an "employer" for Title VII

purposes because they do not have more than fifteen employees. 42 U.S.C. §2000e (b), (Board

3

Members' Motion to Dismiss ¶2.) As a result, Plaintiff's Title VII claims against the Board Members are dismissed.

Next, Plaintiff's §1983 claims are due to be dismissed. In order to establish a race discrimination case under §1983, the Plaintiff must show that the discrimination occurred pursuant to a custom or policy of the organization. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). When the facts alleged in Plaintiff's complaint are taken in the most favorable light, Plaintiff has not stated any facts that indicate that the Civil Service Board had any custom or policy which led to discrimination. Therefore, Plaintiff's §1983 claims against the Board Members are dismissed.

Accordingly, the Board Member's Motion to Dismiss is GRANTED, which will dismiss all of Plaintiff's claims against the Civil Service Board Members.

B. Defendants Swindle and Pearson's Motion to Dismiss

1. *Claims against Swindle and Pearson in their Individual Capacity*

Plaintiff's Title VII claims against Defendants Swindle and Pearson in their individual capacity should be dismissed. Title VII does not permit suits against employees in their individual capacity. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII...are inappropriate.") Instead, "relief granted under Title VII is against the *employer*, not individual employees whose actions constitute a violation of the Act." Id. Accordingly, the Title VII claims against Swindle and Pearson, in their individual capacity, are dismissed.

Plaintiff's §1983 claims against Defendants Swindle and Pearson in their individual capacity should be dismissed because these Defendants are entitled to qualified immunity. In

4

order to defeat the defense of qualified immunity and impose liability, plaintiff must establish the absence of objective good faith. Schopler v. Bliss, 903 F.2d 1373, 1380 (11th Cir. 1990) ("[P]laintiff must demonstrate that the official's alleged misconduct was 'objectively unreasonable' in that it violated clearly established law.)[2]  In this case, Plaintiff has not alleged any facts that indicate that Swindle and Pearson actions were objectively unreasonable and in violation of clearly established law.  Thus, Swindle and Pearson are entitled to qualified immunity on this claim and Plaintiff's §1983 claims against them in their individual capacity are dismissed.

Accordingly, the Swindle and Pearson's Motion to Dismiss is GRANTED on all of the claims against the Swindle and Pearson in their individual capacity.

2. *Claims against Swindle and Pearson in their Official Capacity*

Plaintiff's suit against Swindle and Pearson in their official capacity is the same as maintaining a suit against the City of Tuscaloosa.  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991), see supra, A.  Therefore, Plaintiffs claims against Swindle and Pearson in their official capacity will be addressed herein as her claims against the City of Tuscaloosa .

Plaintiff's Title VII claims are valid against the City of Tuscaloosa.  The City of Tuscaloosa qualifies as an employer within the meaning of Title VII and in fact, was Plaintiff's employer at the time of her termination.  Plaintiff's Title VII claims are properly brought against

---

[2] The Supreme Court recently clarified the Eleventh Circuit's application of qualified immunity. Hope v. Pelzer, 122 S. Ct. 2508 (2002).  In Hope, the Supreme Court struck down the Eleventh Circuit's method of applying qualified immunity so that "materially similar" facts to prior cases was required.  The Supreme Court found the appropriate standard to be that the state of the law gave the persons at issue fair warning that their alleged actions were unconstitutional. Id. at 2516.

the City of Tuscaloosa. Accordingly, the Motion to Dismiss is DENIED with regard to the Title VII claims against the City of Tuscaloosa.

Plaintiff's §1983 claims against the City of Tuscaloosa are due to be dismissed. When establishing a race discrimination case under §1983, the Plaintiff must show that the discrimination occurred pursuant to a custom or policy of the organization. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). As previously stated, when the facts are taken in the light most favorable to the Plaintiff, she has not stated any facts that indicate that the City of Tuscaloosa maintained any custom or policy which led to discrimination. Plaintiff's §1983 claims against the City of Tuscaloosa should be dismissed. Accordingly, the Motion to Dismiss is GRANTED on the §1983 claims against the City of Tuscaloosa.

## IV. CONCLUSION

Based on the foregoing, Defendants Gibson, Deloach, and Turner's Motion to Dismiss is GRANTED. The Civil Service Board's Motion to Dismiss is GRANTED. Swindle and Pearson's Motion to Dismiss is GRANTED on all claims, except the Title VII claims against the City of Tuscaloosa. The Motion to Dismiss is DENIED on the Title VII claims against the City of Tuscaloosa. These conclusions will be embodied by separate order.

DONE this 25th day of September 2002.

Chief United States District Judge
U.W. Clemon

6