IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

02 DEC 31 PM 5: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARISSE WHITAKER, )
 )
      Plaintiff, )
 )
vs. )
 )
CITY OF TUSCALOOSA, ALABAMA; )
J. RUSSELL GIPSON, BILL DELOACH, and )
RON TURNER, in their official capacities as )
members of the Tuscaloosa Civil Service Board; )
KEN W. SWINDLE, individually and in his )
capacity as the Tuscaloosa Chief of Police; and )
JOE PEARSON, individually and in his capacity )
as a Tuscaloosa Police Officer, )
 )
      Defendants. )

Civil Action Number
01-C-3272-W

ENTERED
JAN 2 2003

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON DEFENDANT MOTION FOR SUMMARY JUDGMENT

    Defendant City of Tuscaloosa has moved for summary judgment in this case in which Plaintiff Charisse Whitaker claims that she was discharged because of her race and sex. Based on the undisputed facts, the Court finds and concludes that the Defendant is entitled to judgment as a matter of law.

#### A. The Findings of Undisputed Facts

1.    Plaintiff is a black female citizen of the United States and of the State of Alabama.

2.    Plaintiff began training as a cadet police officer with the City of Tuscaloosa Police Department in May of 2001. She was twenty-two (22) years old at the time.

3.    All cadets of the Tuscaloosa Police Department are on a probationary status and must



        complete pre-academy training before attending the State of Alabama's Police Academy.

4.     Plaintiff's was a member of a new recruit class which included three black women, five black males, and three white males.

5.     On May 29, the recruits began a required intensive firearms training program. Officer Joe Pearson ("Pearson") conducted the firearms training.

6.     Plaintiff had no experience whatever with firearms. She had never fired a weapon before being hired by the city. In Pearson's view, Plaintiff encountered many problems throughout the firearms training.

7.     Plaintiff committed more safety violations on the police firing range than any other recruit in her class.

8.     The City felt that Plaintiff's continued presence in the firearms training class constituted a danger both to herself and to the other recruits.

9.     During her training, Plaintiff was constantly embarrassed and humiliated by Pearson. There is a total lack of evidence that this verbal harassment was motivated by her race or sex.

10.     Tuscaloosa Police Chief Ken Swindle made the decision to discharge Plaintiff.

11.     Plaintiff concedes that there is no evidence indicating that her discharge was based on her race or sex.

12.     There is no evidence of a similarly situated while or male employee who was treated differently than Plaintiff. Like Plaintiff, a white male employee in an earlier class of recruits, had problems in his firearms training. But also like Plaintiff, he was terminated during his probationary period.

### B. Conclusions of Law

1.     There is no direct evidence of racial or gender discrimination by the City of Tuscaloosa in this case.

2.     Plaintiff has carried her burden of establishing a *prima facie* case of race or gender discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *see Holifield v. Reno,* 115 F. 3d 1555, 1562 (11th Cir. 1997.)

3.     Defendant has articulated a legitimate, non-discriminatory reason for its challenged action - namely that Plaintiff performed unsatisfactorily during her probationary period.

4.   Plaintiff has failed to rebut Defendant's articulated reason for her discharge.

5.   Under the undisputed facts, Defendant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Chapman v. AL Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000).

By separate order, summary judgment shall be granted.

Done this  31st  day of December 2002.

                                                    Chief United States District Judge
                                                    U.W. Clemon